# UNITED STATES DISTRICT COURT

for the
### Western District of Kentucky
### Louisville Division

| | |
|---|---|
| Barbara Wilkins<br>    *Plaintiff*<br><br>v.<br><br>LVNV Funding, LLC<br>    *Defendant*<br>Serve:<br>    Corporation Service Company<br>    2711 Centerville Road, Suite 400<br>    Wilmington, DE 19808<br><br>Resurgent Capital Services, L.P.<br>Serve:<br>    CSC-Lawyer's Incorporating<br>        Service Company<br>    421 W. Main Street<br>    Frankfort, KY 40601 | Case No.    3-15-cv-307-JGH |

## CLASS ACTION COMPLAINT

### INTRODUCTION

1.     This is an action by Plaintiff Barbara Wilkins ("Plaintiff Wilkins") who is a consumer seeking declaratory relief and damages for herself and on behalf of all similarly-situated Kentucky citizens against Defendants LVNV Funding, LLC and Resurgent Capital Services, L.P. ("Defendants"). Plaintiff Wilkins and the proposed class seek damages against Defendants for their violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.,* which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

2.     Defendant LVNV Funding LLC ("LVNV") is in the business of purchasing or

acquiring defaulted consumer credit debt that has been "charged-off" by the original creditors. Defendant Resurgent Capital Services, L.P. ("Resurgent") is in the business of servicing companies who, like LVNV, have acquired such defaulted and charged off consumer credit debt.

3.      LVNV filed a lawsuit in Jefferson County District Court ("State Court Lawsuit") against Plaintiff Wilkins in an attempt to collect a consumer credit card debt it claimed to have received via assignment from Credit One Bank. In the State Court Lawsuit LVNV attempted to collect interest from Plaintiff Wilkins that it has no legal right to recover claiming as due and owing interest to which was not due and owing. This improper demand for interest in the State Court Lawsuit by LVNV and Resurgent acting as LVNV's collection agent violate the FDCPA.

4.      Plaintiff Wilkins seeks damages and declaratory relief both individually and on behalf of a proposed class of all similarly-situated Kentucky citizens against Defendants.

## JURISDICTION

5.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 2201, and the FDCPA, 15 U.S.C. §1692k(d).

## PARTIES

6.      Plaintiff Wilkins, is a natural person who resides in Jefferson County, Kentucky and a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

7.      Defendant LVNV Funding, LLC ("LVNV") is a foreign limited liability company which has not registered with the Kentucky Secretary of State. LVNV's principal place of business is located at Bank of America Building, 200 Meeting Street, Suite 206, Charleston, SC 29401-3187.

8.      LVNV is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

9.      Defendant Resurgent Capital Services, L.P. ("Resurgent") is a foreign limited

partnership which is registered with the Kentucky Secretary of State. Resurgent is engaged in the business of purchasing debt from creditors and collecting these debts in this state and/or collecting debts on behalf of other debt collectors such as LVNV. Resurgent's principal place of business is located at 15 S. Main Street #400, Greenville, SC 29601.

10.     Resurgent is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

**I.      The Relationship between LVNV and Resurgent**

11.     Even though LVNV engages in substantial and significant debt collection activity across the country, LVNV apparently has no employees. *See* Statement of Material Facts filed as Dkt. #69 in *Randall v. Nelson & Kennard,* 2:09-cv-00387 (D.Ariz. filed August 9, 2010).

12.     Resurgent acting as LVNV's agent collects debts owned by LVNV and thereby services LVNV through such debt collection "pursuant to a written agreement and power of attorney." *Id.*

**II.      Facts Relating to LVNV and Resurgent**

13.     On January 13, 2014, LVNV filed its State Court Lawsuit against Plaintiff Wilkins in the Jefferson District Court of Jefferson County, Kentucky as case number 14-C-000336 in an attempt to collect a credit card account debt it alleged was originated and owed to Credit One Bank, N.A. ("Credit One").  A copy of the complaint filed by Resurgent on behalf of LVNV in the State Court Lawsuit is attached hereto as "Exhibit 1."

14.     Plaintiff's credit card debt owed to Credit One was alleged to have been purchased by LVNV in the State Court Lawsuit.

15.     Plaintiff Wilkins did have a credit card account with Credit One Bank, N.A.

which was used to purchase goods and services and used only for personal, family or household purposes, making the Credit One credit card account debt a "debt" within the meaning of the FDCPA. 15 U.S.C. § 1692a(5).

16.     Plaintiff Wilkins did not learn of or have notice of the filing of the State Court Lawsuit against her until January 20, 2015.

17.     Credit One ceased charging interest on Plaintiff Wilkins credit card account debt on or before February 16, 2011 on which date the alleged debt was "charged off" by Credit One to comply with, and thereby gain the benefits of, compliance with Federal Regulation 12 C.F.R. §226.5(b)(2)(I).  In so doing Credit One intentionally waived interest on the credit card account debt under the credit card account agreement between Credit One and Plaintiff Wilkins for economic reasons.

18.     As set out in paragraph three (3) of LVNV's "Affidavit of Indebtedness and Ownership of Account" which was filed as an exhibit to the State Court Lawsuit, Credit One sold Plaintiff Wilkins' credit card account to LVNV on or about February 16, 2011. A copy of said affidavit is attached hereto as "Exhibit 2."

19.     Credit One ceased charging interest on Plaintiff Wilkins' account on or before February 16, 2011 and no interest was charged on the account to the date of alleged assignment to LVNV on or about February 16, 2011.

20.     Credit One affirmatively waived any right it may have had to accrue and assess either contractual or statutory prejudgment interest on Ms. Wilkins' alleged account after charging it off.

21.     As a matter of law Credit One's waiver of its right to contractual interest was binding on LVNV as an assignee of Credit One.

22.     As a matter of law Credit One's waiver of its right to contractual interest precluded LVNV, and Resurgent as its agent, from claiming statutory interest was due and owing prior to entry of judgment and award of court under KRS 360.010 and pursuant to *Stratton v. Portfolio Recovery Associates, LLC,* 770 F.3d 443 (6th Cir. 2014) and *Harrell v. Unifund CCR Partners* (2015 Ky. App. LEXIS 13, February 6, 2015; to be published).

23.     The State Court Complaint affirmatively alleged at paragraph three (3) that the Plaintiff herein Wilkins was indebted to LVNV "in the sum of $1,686.01, along with interest at the annual rate of 8% from February 16, 2011, until the date of Judgment."

24.     As set out *supra*, interest prejudgment under Kentucky law is not a self-executing remedy and as of the date that the State Court Lawsuit was filed there was no entry of judgment in favor of LVNV granting interest prejudgment on the alleged debt.

25.     LVNV, and Resurgent as LVNV's agent, improperly and extra-judicially assessed, accrued, and demanded as due and owing, statutory interest at the maximum rate of 8.00% under KRS 360.010 on Plaintiff Wilkins' debt LVNV acquired from Credit One.

## CLASS ALLEGATIONS

26.     Plaintiff Barbara Wilkins brings this action individually and as a class action on behalf of a proposed class of persons in the Commonwealth of Kentucky similarly situated.

27.     These persons that comprise the proposed class are:

**Class:** All persons who are consumers living in Kentucky against whom Defendants LVNV and Resurgent, or their respective agents, employees, or representatives, within one year of the date of filing of this complaint:

(a)     filed a lawsuit in any District or Circuit Court in the  Commonwealth

of Kentucky in which LVNV or Resurgent claimed to be the assignee

of a consumer credit account for which the original creditor waived

charging contract interest and in which LVNV or Resurgent

imposed, accrued, and claimed owed statutory interest

when no such interest had yet been awarded by judgment of

the court; or

(b)     claimed owed, demanded, and collected or attempted to collect

in any manner interest prejudgment without a court judgment awarding

such interest for a consumer credit account acquired by LVNV

and serviced by Resurgent where the original credit issuer waived

its right to contract interest.

28.     Plaintiff Wilkins seeks the maximum statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2), on her own behalf and on behalf of the proposed class members for violation of the FDCPA by LVNV and Resurgent.

29.     This action also seeks declaratory judgment relief declaring that:

(a)     That LVNV and/or Resurgent's practice of accruing, claiming owed and collecting or attempting to collect by its communications or actions to Plaintiff Wilkins and/or members of the proposed class interest prejudgment on their consumer debts without a court judgment awarding such interest as set out *supra* violated the FDCPA;

30.     The proposed class as set out *supra* and so represented by Plaintiff Barbara Wilkins in this action, and of which she herself is a member, consists of those persons defined above and are so numerous that joinder of individual members is impracticable.

31.     Plaintiff's claims are typical of the claims of the proposed class as set out *supra*.

32.     There are common questions of law and fact for the proposed class in this action

that relate to and affect the rights of each member of the proposed class, and the relief sought is common to the entire class. In particular, all members of the proposed class have the same issue of law in common: whether LVNV or Resurgent extra-judicially accrued, claimed owed, collected and/or attempted to collect interest to which it was not entitled under Kentucky law, and which had not been awarded by a judgment of a court.

33.     There is no known conflict between Plaintiff and any other members of the proposed class with respect to this action, or with respect to the claims for relief herein set forth.

34.     Plaintiff is the representative party for the proposed class and is able to, and will, fairly and adequately protect the interest of the proposed class members.

35.     Plaintiff's attorneys are experienced and capable in the field of consumer rights, including FDCPA violations.

36.     Plaintiff's attorneys have successfully represented other claimants in similar litigation.

37.     The action is properly maintained as a class action in that the prosecution of separate actions by individual class members of the proposed class creates a risk of individual adjudications that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interest.

38.     This action is properly maintained as a class action because the prosecution of separate actions by individual members of the proposed class would create risk of varying individual adjudications, which would establish incompatible standards of conduct for Defendants.

39.     This action is properly maintained as a class action inasmuch as the questions of

law and fact common to the proposed class members predominate over any questions affecting only individual members; a class action is superior to other methods available for the efficient adjudication of the controversy; the relief sought by all members of the proposed class will be effective and appropriate for the entire proposed class; and all members of the proposed class have a right to damages or other relief that may be readily computed in each case or otherwise readily determined.

40.    The identity of each individual member of the proposed class can be ascertained from the books and records maintained by Defendant.

41.    Because many of the persons who comprise the proposed class in this case may not be aware of their rights, or may not be in a financial position to readily assert their rights, and because relegation of their claims to individual actions would result in an unreasonable multiplicity of suits and a corresponding burden on this and other courts, a class action is far superior to all other methods for a fair and efficient adjudication of this controversy.

## CLAIMS FOR RELIEF

### Violations of the Fair Debt Collection Practices Act

42.    The above-described actions by LVNV Funding, LLC and Resurgent Capital Services, L.P. constitute violations of the Fair Debt Collection Practices Act which violations of the FDCPA include, but are not limited to, the following:

> LVNV and Resurgent violated 15 U.S.C. § 1692e and 15 U.S.C.
> § 1692f and/or one or more subsections of each statute by
> communications or actions extra-judicially accruing,
> claiming owed, and collecting or attempting to collect prejudgment
> interest from Plaintiff Barbara Wilkins and from members of the
> proposed class for which no judgment had been obtained and was not
> owed at the time the demand for such interest was made.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Barbara Wilkins requests the Court grant relief to Plaintiff and to the members of the proposed class as follows:

a.      Declare that LVNV's and Resurgent's practice of extra-judicially accruing, claiming owed, and collecting or attempting to collect interest prejudgment which has not been awarded by judgment of a court violates the FDCPA;

b.      Award the maximum statutory damages to Plaintiff and to the members of the proposed class members provided under 15 U.S.C. §1692k;

c.      Award Plaintiff and the members of the proposed class their attorney's fees, litigation expenses and costs;

d.      Award Plaintiff and members of the proposed class their actual damages;

e.      A trial by jury; and

f.      Such other relief as may be just and proper.


Respectfully submitted,


/s/ James McKenzie
**James McKenzie**
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:    (502) 371-2179
Fax:    (502) 257-7309
jmckenzie@jmckenzielaw.com

**James H. Lawson**
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:    (502) 473-6525
Fax:    (502) 473-6561
james@kyconsumerlaw.com